Filed 10/21/15  P. v. Scherbovitsch CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>WALTER SCHERBOVITSCH,<br><br>Defendant and Appellant. | B260841<br><br>(Los Angeles County<br>Super. Ct. No.BA114220) |

APPEAL from a judgment of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Kathleen Caverly, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Appellant Walter Scherbovitsch appeals from an order denying his petition to recall his sentence under the Three Strikes Reform Act of 2012. (Pen. Code, § 1170.126.[1]) His appointed counsel filed a brief requesting that we independently review the record for error. (*People v. Wende* (1979) 25 Cal.3d 436, 441.) We directed counsel to send the record and a copy of the brief to appellant, and notified him of his right to respond within 30 days. Appellant did not respond.

## BACKGROUND

In 1991, Appellant was convicted of two counts of residential burglary in the first degree under section 459. In 1996, Appellant was again convicted of one count of residential burglary in the first degree under section 459. The record does not include facts about any of the crimes. Each of these counts is classified as a "serious felony" under section 1192.7, subdivision (c)(18), and therefore each burglary conviction counts as a "strike" under the "Three Strikes" law. Appellant was sentenced to 35 years to life.

In November 2014, Appellant petitioned to have his sentence recalled under section 1170.126. That statute allows prisoners serving an indeterminate term under the Three Strikes law for a felony that is not serious or violent to petition the court for resentencing. (§ 1170.126, subd. (b).) The trial court denied the petition, noting, "Defendant's current conviction is for first degree burglary (Penal Code section 459), which is a serious felony pursuant to Penal Code section 1192.7(c)(18), making Defendant ineligible for resentencing pursuant to Penal Code section 1170.126(e)(2)."

## DISCUSSION

We see no error. Section 1170.126 states, "(e) An inmate is eligible for resentencing if: (1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (§1170.126, subd. (e).) Appellant is serving an indeterminate sentence for a felony that is defined as serious by section 1192.7, subdivision (c)(18) ["As used in this section, 'serious felony' means any of the following . . . any burglary of the first degree."] By the very terms of the statute, therefore, Appellant is not eligible for resentencing under section 1170.126.

## DISPOSITION

We have independently reviewed the record and conclude that no error was committed. We therefore affirm.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.


We concur:


EPSTEIN, P. J.


WILLHITE, J.